UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROLAND C. COLTON,<br><br>　　　　　　　　　　　Defendant. | Case No.: 06-CR-2252-W<br><br>**ORDER DENYING MOTION TO DISCHARGE OR VACATE RESTITUTION ORDER OR ALTERNATIVELY FOR WRIT OF CORAM NOBIS** |

　　　　In 2011, Defendant Roland C. Colton pleaded guilty to misdemeanor contempt for a violation of 18 U.S.C. § 401(3). (Doc. 166.) By plea agreement, Defendant agreed to pay restitution of $405,811, plus penalties and interest, to the State of California Franchise Tax Board ("FTB"), related to taxable years 1992 through 1998. (Doc. 166 at 8.) The restitution was not limited to the count of conviction, and Defendant agreed to waive appeal and collateral attack of his restitution order. (Doc. 166 at 9.) The Court entered its final judgment with restitution as a condition of supervised release on December 21, 2011. (Doc. 169.) Defendant now moves for the discharge or vacatur of the restitution order or, alternatively, for a writ of coram nobis on the grounds that the FTB no longer shows he owed any state tax liability for the years 1992–1998. For the following reasons, the Court **DENIES** Defendant's motion. (Doc. 173.)

Defendant argues that his tax liability to FTB for the taxable years 1992–1998 was "either paid and/or discharged by operation of California's 20 year statute of limitations applicable to FTB taxes." (Doc. 173 at 6:10-11.) Defendant's restitution obligation payable to the United States for the benefit of FTB is legally distinct from Defendant's original state-tax liability for the years 1992–1998.

Defendant's sentence, including restitution, is a final judgment that may only be corrected in limited circumstances. *See United States v. Hankins*, 858 F.3d 1273, 1276 (9th Cir. 2017). Defendant cannot argue that the Court erred in its calculation of the restitution order because Defendant agreed to that amount, plus fees and interest in the plea agreement accepted by the Court. Defendant cannot challenge the Court's finding that he is able to pay interest on the ordered amount because he agreed to this increase over the principal restitution amount in the plea agreement accepted by the Court. Moreover, Defendant waived his right to appeal or collaterally attack the restitution order. (Doc. 166 at 9.) Defendant has not demonstrated that the restitution ordered is no longer owed or has been fully satisfied. (Exh. B to *Declaration of Roland C. Colton* [Doc. 173-1].) Exhibit B to Defendant's Declaration shows that there is a Court-ordered restitution amount of $475,505.86 as of August 11, 2016. (*Id.*) The United States submits the declaration of FTB agent, Leslie Yorston, who declares under oath that in 2021, "after the civil tax obligations for [Defendant's] 1992–1998 tax years were expired[,] the remaining liability [was] entered on FTB's system as a criminal restitution order to provide adequate record keeping of the continual criminal restitution payments being received by the court pursuant to the plea agreement." (Doc. 180-1 at ¶ 44.) Agent Yorston also declares that the current balance owed, including interest, is $568,166.91. (*Id.* at ¶ 45.)

Defendant has not demonstrated that any of the statutory exceptions to the finality of sentencing judgments applies, 18 U.S.C. § 3664(o)(1)–(2). *See United States v. Turner*, 312 F.3d 1137, 1143 (9th Cir. 2002). Defendant's motion for relief pursuant to a writ of coram nobis must be denied because he knowingly and voluntarily waived his ability to challenge the restitution order on these grounds. *See United States v. Abarca*, 985 F.2d

1012, 1013–14 (9th Cir. 1993).  Finally, to the extent that Defendant attempts to state a civil claim against the FTB's accounting procedures (and the Court does not suggest that he may do so), that theoretical civil claim may not be stated in this criminal case.  For the foregoing reasons, Defendant's motion is **DENIED** [Doc. 173].

    IT IS SO ORDERED.

Dated:  June 8, 2023

                                              Hon. Thomas J. Whelan
                                              United States District Judge